**[J-28-2022] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| SHANE MCGUIRE ON BEHALF OF COLBY NEIDIG, | : | No. 26 WAP 2021 |
| | : | |
| | : | Appeal from the Order of the |
| Appellant | : | Commonwealth Court entered March 10, |
| | : | 2021 at No. 141 CD 2020, affirming the |
| | : | Order of the Court of Common Pleas of |
| v. | : | Allegheny County entered January 3, 2020 |
| | : | at No. GD-17-009635. |
| | : | |
| CITY OF PITTSBURGH, | : | ARGUED: April 13, 2022 |
| | : | |
| Appellee | : | |

**CONCURRING OPINION**

**JUSTICE DONOHUE**                    **DECIDED: NOVEMBER 23, 2022**

I acknowledge that the weight of authority, as outlined by the Majority, holds that a finding that a police officer acted "under the color of state law" for purposes of a Section 1983[1] action is not the functional equivalent of a determination that the officer acted "within the scope of his duties" for purposes of assessing whether the officer's employer is required to indemnify him for violating Section 1983. Here, however, we are specifically asked whether a finding that a police officer acted "under the color of state law" for purposes of a Section 1983 action is the functional equivalent of a determination that the officer acted "within the scope of his **office or** duties" for purposes of the indemnification

---

[1] 42 U.S.C. § 1983.

provision of Pennsylvania's Political Subdivision Tort Claims Act ("Act"), 42 Pa.C.S. § 8548(a).[2]

Unfortunately, Appellant Shane McGuire ("McGuire") failed to make a distinct argument in the lower courts distinguishing the meanings of the phrases "scope of office" and "scope of duties;" consequently, the record is not developed on this narrow legal issue, and the lower courts did not weigh in on the question. Further complicating matters, McGuire offers this Court an underdeveloped argument on this issue. McGuire's Brief at 22-23. Thus, in my view, McGuire has failed to meet his burden of persuading this Court that the lower courts erred in the manner in which they interpreted Subsection 8548(a) of the Act and that he is entitled to relief. *See Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (explaining that an appellant has the burden to persuade this Court that a lower court erred and that the error entitles him to relief).

Further, the Majority's analysis fails to convince me of its conclusion that "scope of office" means the same thing as "scope of duties." This analysis and conclusion run contrary to the well-settled principles of statutory construction that we must convey

---

[2] Subsection 8548(a) provides as follows:

> **(a) Indemnity by local agency generally.--**When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, **within the scope of his office or duties**, the local agency shall indemnify the employee for the payment of any judgment on the suit.

42 Pa.C.S. § 8548(a) (emphasis added).

meaning to each word in a statute and that we must presume that the General Assembly "did not intend any statutory language to exist as mere surplusage." *Commonwealth by Shapiro v. Golden Gate National Senior Care, LLC*, 194 A.3d 1010, 1034 (Pa. 2018).

Indeed, the Majority goes so far astray from this interpretive principle as to suggest that that the General Assembly's use of these two distinct terms is "more likely" the type of "synonym-heavy, belt-and-suspenders draftsmanship to which legislatures are sometimes prone."[3]  Majority Op. at 9.  Yet, the Majority recognizes the possibility that "scope of office" and "scope of duties" refers to elected or appointed officials as having a "scope of office," whereas other traditional public employees, i.e., those hired or retained, have a "scope of duties."  *Id.*  Pertinently, relevant provisions of a related statute, the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521-8528, suggest that such a distinction was intended.

Under Section 8501 of the Sovereign Immunity Act, a "Commonwealth party" is defined as, "[a] Commonwealth agency and any employee thereof, but only with respect to an act **within the scope of his office or employment**."  42 Pa.C.S. § 8501 (emphasis added).  While not identical to the language used in the indemnification statute, the Legislature's intent in using "scope of office" in a similar disjunctive phrase gives clarity to the distinction.  The Sovereign Immunity Act defines "employee" as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the

---

[3]  Perplexingly, the Majority cites to an unrelated South Dakota statute to illustrate this "belt-and-suspender" style legislative language without any suggestion that South Dakota's Legislature would consider the statute to contain such superfluity or how this statute in any way supports the Majority's suggestion that Pennsylvania's Legislature intended for our indemnification statute to contain such surplusage.  Majority Op. at 9 n.23.

territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit … .

*Id.*

From this language, one can reasonably infer that, when the Legislature refers to the "scope of office or duties" or "scope of office or employment" of public employees, it is distinguishing appointed and elected officials from those individuals who are traditionally hired or retained in the public sector. While public employees are given authority to perform the duties assigned to them, elected or appointed employees are imbued with authority defined by the office they hold. The definition conveys the intention that scope of office and scope of employment (and by extension scope of duties) apply to public employees with different sources of authority. It appears that the Legislature intended for different parts of these phrases to apply to different types of public employees.

Given my thoughts in this regard, I reserve judgment on the meaning of "scope of office," as that phrase is utilized in Subsection 8548(a) of the Act, and on what, if any, impact that meaning has in connection to a Section 1983 determination that a sworn police officer "acted under the color of state law" in committing a wrongdoing. For these reasons, I respectfully concur in the result.

Justice Mundy joins this Concurring Opinion.